**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4455**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAREN FRANCISCO MARTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:03-cr-00104-jpj-1)

Submitted: November 30, 2010          Decided: December 6, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karen Francisco Martin appeals from the revocation of her supervised release.  She raises two issues on appeal: (1) whether the district court adequately explained its findings of her Grade B violations, and (2) whether the court erred in sentencing her to a twenty-four-month sentence.  For the reasons that follow, we affirm.

Martin was originally sentenced to thirty months of imprisonment for bank fraud and related crimes.  Her supervised release was previously revoked, and she was sentenced to four months.  Thereafter, Martin was released for a second term of supervised release.  After approximately five months, Martin's probation officer filed a petition for revocation of supervised release.  The district court found that Martin had committed all five of her supervised release violations and sentenced her to a twenty-four-month term of imprisonment with no period of supervised release thereafter.

On appeal, Martin only contests her two Grade B violations for committing another crime, e.g., prescription fraud under Virginia law.  We review the district court's decision to revoke Martin's supervised release for an abuse of discretion, United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995), noting that a district court need only find a violation of a condition of supervised release by a

2

preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2010). Here, we find no abuse of discretion in the district court's findings that Martin violated state law by engaging in prescription fraud. Thus, we affirm these revocations.

Next, Martin contests her sentence. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is procedurally or substantively unreasonable, id. at 438, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for non-revocation sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

The district court considered the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C.A §§ 3553(a), 3583(e) (West 2000 & Supp. 2010), calculated Martin's advisory range as 4-10 months, stated its reasons for sentencing her outside the advisory range, and sentenced her below the statutory maximum. The court explained that Martin's previous four-month revocation sentence

3

had failed to ensure her compliance with the terms of her instant supervised release, that she failed to follow "hardly any" (JA 128) of her probation officer's directions, and that the court believed the more structured environment of prison would allow Martin a better chance to address her substance abuse problem. (JA 126-30). Under these circumstances, we do not find that Martin's sentence was procedurally or substantively unreasonable. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (noting that a district court's statement of reasons for a revocation sentence need not be as detailed or specific as other sentences).

Accordingly, we affirm Martin's Grade B supervised release violations and her sentence. We dispense with oral argument as the facts and legal contentions are adequately discussed in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4